AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED
*January 28, 2026*

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  **3:26-MJ-0004** |
| Carlos Alberto Riascos Valencia | ) | |
| Aka's: Pedro Antonio Guzman-Figueroa, Carlos | ) | |
| Albertoriasco Valencia, Carlos Alberto-Riasco | ) | |
| Valencia, Carlos Alberto-Riascoe Valencia, | ) | |
| Carlos Alberto Riascos | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 07, 2025 _____ in the county of _____ Galveston _____ in the _____ Southern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b) | Illegal re-entry into the United States after having previously been deported to Colombia, subsequent to having been convicted of a crime defined as a felony, without first applying for and obtaining permission from the Attorney General of the United States, or the Secretary for the Department of Homeland Security, for admission to the United States following deportation from the United States, in violation of Title 8, United States Code, Section(s) 1326(a) and (b). |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

❐ Continued on the attached sheet.

_____
*Complainant's signature*

Terry Matthias, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: _____ 01/27/2026 _____

_____
*Judge's signature*

City and state: _____ Houston, TX _____

Andrew M. Edison, United States Magistrate Judge
*Printed name and title*

## **AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Terry Matthias, being duly sworn by telephone, hereby depose and say:

(1)     I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since June 24, 2007.  Prior to this assignment, I have held the following positions: Customs and Border Protection Officer and Immigration Enforcement Agent.  My law enforcement career began in July 2006, as a Customs and Border Protection Officer.  I have over 19 years of immigration law enforcement experience.

(2)     On January 23, 2026, Carlos Alberto Riascos Valencia was convicted in the 10th District Court of Galveston County, Texas for BURGLARY OF BUILDING AS REDUCED FROM BURGLARY OF HABITATION (as seen paragraph (10)(a)).  Subsequently, on January 26, 2026, Carlos Alberto Riascos Valencia was transferred to ICE for processing.  On January 27, 2026 at approximately 1200, Carlos Alberto Riascos Valencia was identified as being amenable to prosecution for violation of 8 U.S.C. § 1326(a) and (b).  Carlos Alberto Riascos Valencia also goes by the alias(s) of Pedro Antonio Guzman-Figueroa, Carlos Albertoriasco Valencia, Carlos Alberto-Riasco Valencia, Carlos Alberto-Riascoe Valencia, Carlos Alberto Riascos.

(3)     The Defendant currently have a  petition that has been reviewed by the U.S. Citizenship and Immigration Services and found to establish a prima facie case for classification under the self-petitioning provisions of the Violence Against Women Act with receipt date of September 09, 2024 and expiration date of September 30, 2026.

(4)     The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases.  According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously convicted and deported.

(5)     Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(6)     <u>Element One</u>:  The Defendant is a citizen and national of Colombia and not a native, citizen or national of the United States.

(7)    <u>Element Two</u>:  The Defendant has previously been deported or removed from the United States on the following occasion(s):

       a.  11/22/2021.
       b.  12/30/2013.
       c.  09/24/2012.
       d.  01/25/2010.

(8)    <u>Element Three</u>:    After deportation, the Defendant was subsequently found by immigration authorities in the United States on May 07, 2025, in Galveston County, Texas, which is within the Houston Division Southern District of Texas.  Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph.  On January 26, 2026, LESC advised that the first IAQ (Immigration Alien Query) after the Defendant's 2021 removal was received on May 07, 2025.

(9)    <u>Element Four</u>:  The Defendant did not have permission to reenter the United States. On January 27, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information.  I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.    I have requested certification of this fact from the Records Branch of the Immigration Service.

(10)    <u>Prior Criminal History / Gang Affiliation</u>.  The Defendant has the following prior criminal history and/or gang affiliation:

      a.  On January 23, 2026, the Defendant, using the name of Pedro Antonio Guzman-Figueroa, was convicted in the 10th District Court of Galveston County, Texas for the felony offense of BURGLARY OF BUILDING AS REDUCED FROM BURGLARY OF HABITATION and was sentenced to 12 months confinement.

      b.  On June 11, 2018, the Defendant, using the name of Carlos Albertoriasco Valencia, was convicted in the 366th District Court of Collin County, Texas for the felony offense of BURGLARY OF HABITATION and was sentenced to 4 years confinement.

c.  On May 22, 2017, the Defendant, using the name of Carlos Alberto-Riasco Valencia, was convicted in the District Court of Fort Bend County, Texas, 240th Judicial District Court for the felony offense of ENGAGE IN ORGANIZED CRIMINAL ACTIVITY and was sentenced to 5 years confinement.

d.  On May 22, 2017, the Defendant, using the name of Carlos Alberto-Riascoe Valencia, was convicted in the District Court of Fort Bend County, Texas, 240th Judicial District Court for the felony offense of BURGLARY OF HABITATION and was sentenced to 5 years confinement.

e.  On November 13, 2013, the Defendant, using the name of Carlos Alberto Riascos, was convicted in the County Court at Law No 2 of Fort Bend County, Texas, for the misdemeanor offense of RESISTING ARREST and was sentenced to 20 days confinement.

f.  On November 13, 2013, the Defendant, using the name of Carlos Alberto Riascos, was convicted in the County Court at Law No 2 of Fort Bend County, Texas, for the misdemeanor offense of EVADING ARREST and was sentenced to 20 days confinement.

Terry Matthias, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me on the 29th day of January 2026, and I find probable cause.

Hon. Andrew M. Edison
United States Magistrate Judge
Southern District of Texas

Page **3** of **3**